HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINSTRATORS, INC, <br><br> Plaintiff, <br><br> v. <br><br> SHELTON-TURNBULL PRINTERS, INC., <br><br> Defendant. | CASE No. 19-cv-00681-RAJ <br><br> ORDER |

This matter comes before the court on Plaintiff's Motion and Affidavit for Default Judgment. Dkt. # 8. The Court **GRANTS** the motion.

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages.

ORDER – 1

*TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff is the authorized administrative agent for and assignee of the Western Conference of Teamsters Pension Trust Fund. Dkt. # 8. Defendant is bound to a collective bargaining agreement with Local 206 of the International Brotherhood of Teamsters (hereinafter, "Local"), under which Defendant is required to promptly and fully report for and pay monthly contributions to Plaintiff at varying, specified rates for work done by employees who are represented by the Locals. Dkt. # 9-1 at 16. The evidence establishes that Defendant is liable for failure to pay contributions and dues owed to Plaintiff for the period January 2019 through April 2019. Dkt. # 8, ¶ 17; Dkt. # 9-1 at 52-62. Specifically, Defendant failed to pay contributions in the amount of $8,528.88. *Id.* at 62. The trust contribution terms, to which Defendant consented, also entitles Plaintiff to liquidated damages of 20% of the liability, or $1,705.78 in this case, and interest accruing at varying annual rates until contributions are paid. *Id.* at 9, 16. Plaintiff's counsel is ordered to provide the Court with an updated accounting of the amount of interest owed within <u>fourteen (14) days</u> of this order so that judgment may be entered.

In addition, Plaintiff requests attorneys' fees and costs. Although the hourly fees of non-attorneys are included in the request, Plaintiff has established that its counsel does not incorporate non-attorney work into his hourly rate and has established that counsel actually bills Plaintiff for the work of non-attorneys. *See* Dkt. # 8, ¶ 14; Dkt. # 8-1 at 6. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff. The Court finds that Plaintiff's evidence supports an attorney's fee award of $781.70 and costs of $450.

ORDER – 2

For the reasons above, the Court **GRANTS** Plaintiff's motion.

Dated this 26th day of November, 2019.

*Richard A. Jones*
_____

The Honorable Richard A. Jones
United States District Judge

_____

ORDER – 3